# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 2:17-cr-164
                                           Also Case No. 2:22-cv-310

                                           District Judge Edmund A. Sargus, Jr.
-  vs  -                                     Magistrate Judge Michael R. Merz

JOSE DANIEL GONZALEZ-CAMPOS,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

This proceeding under 28 U.S.C. § 2255 is before the Court for decision on the merits on Defendant's Motion to Vacate (ECF No. 1426) and the Government's Response (ECF No. 1445). Defendant was reminded by the Court that his Reply was due April 16, 2022 (ECF No. 1446). However no reply has been received by the Clerk as of May 3, 2022.

**Litigation History**

Defendant was named in three Superseding Indictments on December 14, 2017 (ECF Nos. 119, 120, 137). On July 29, 2020, Defendant entered into a Plea Agreement with the United States (ECF No. 1079). On August 11, 2020, Defendant appeared in open court to engage in the plea

1

colloquy and enter into the Plea Agreement (Minute Entry, ECF No. 1084).  On January 20, 2021, Defendant was sentenced to 360 months imprisonment on Count 1 of the Second Superseding Indictment charging him with conspiring to commit racketeering (ECF No. 1179).  Defendant did not appeal, but filed his Motion to Vacate under 28 U.S.C. § 2255 by depositing it in the prison mail system on January 10, 2022 (ECF No. 1426, PageID 7084).

Defendant pleads the following grounds for relief:

> **Ground One:**  Ineffective Assistance of Counsel in Violation of the Sixth Amendment.
>
> **Supporting Facts:**  My attorney didn't argue any mitigating factors in my defense to get a lower sentence.  Mitigating factors existed at the time of sentencing, but counsel failed to address them.
>
> **Ground Two:**  Ineffective Assistance of Counsel in Violation of the Sixth Amendment.
>
> **Supporting Facts:**  My attorney claimed that I would only have to pay $500.00 in restitution.  It was a lie and he told this over the phone.  Now I'm making payments on restitution of a total amount of $12, 900.00.  Before pleading guilty my lawyer told me I would only have to pay $100.00.  Then once I found out that it was $12, 900.00 at my plea hearing, I called my lawyer from the jail phone and confronted him about it and he said over the phone that I will only have to pay between $500.00 -- $600.00, not $12, 900.00.
>
> **Ground Three:**  Ineffective Assistance of Counsel for failure to have a psychological test on me to see if I'm competent to stand trial.
>
> **Supporting Facts:**  I was never tested to see if I'm competent to stand trial.

(Motion, ECF No. 1426, PageID 7076, 7077, 7079).

## Analysis

All three of Defendant's Grounds for Relief assert violations of his Sixth Amendment right to the effective assistance of counsel in his defense. The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance*, 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption

3

> that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome." 466 U.S. at 694. See also *Darden v. Wainwright*, 477 U.S. 168, 184 (1986), citing *Strickland, supra.; Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), citing *Strickland, supra*; *Blackburn v. Foltz,* 828 F.2d 1177, 1180 (6th Cir. 1987), quoting *Strickland*, 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), quoting *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes,* 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." Id., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. Id., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter,* 562 U.S. 86, 111-112 (2011).

The Government's Response to the Motion to Vacate thoroughly demonstrates that all three Grounds for Relief are without merit.

Regarding mitigating evidence, Counsel did present mitigating evidence both to the Probation Officer and to Judge Sargus.  However at that time Gonzalez-Campos had already entered into a Plea Agreement for an agreed sentence of 360 months, a sentence well within the Sentencing Guideline range calculated by the Probation Officer.  Defendant never attempted to withdraw his guilty plea on the grounds that the sentence was higher than he expected given the Plea Agreement or than it would have been if other mitigating evidence had been produced.  In fact, Gonzalez-Campos never says what the additional mitigating evidence would have been.

Regarding restitution, Defendant's claim is refuted by the Affidavit of Attorney Yeazel. The $100 special assessment for the Victims of Crime Fund is mandatory, is not a matter of restitution, and was discussed in the plea colloquy separate and apart from restitution (Plea Tr., ECF No. 1442, PageID 7146).  Once he learned that restitution would be more than $500, he never attempted to withdraw his guilty plea.  Because his obligation is joint and several with other Defendants and there are so many of them, his ultimate payment may indeed be as low as $500-$600.  And in any event it is not credible that a person charged with a potentially capital crime would turn down an opportunity to avoid the death penalty over a restitution payment.

Finally, the claim that Gonzalez-Campos was never testified to establish his competence to stand trial does not state a claim upon which relief under 28 U.S.C. § 2255 can be granted because there is no constitutional right to such testing absent evidence it is needed.  Neither of his attorneys had any doubt about this competence.  Nor did Judge Sargus, who made a finding to that effect.

The test for competency in a criminal case is whether the defendant has a rational understanding of the proceedings and a capacity to assist counsel. *Dusky v. United States*, 362 U.S. 402 (1960). The same standard applies to competency to plead guilty and waive the right to counsel. *Godinez v. Moran*, 509 U.S. 389 (1993).

A person who is mentally incompetent may not be tried for a crime so long as the incompetence continues. *Bishop v. United States*, 350 U.S. 961(1956). This fundamental right, now protected by the Due Process Clause of the Fourteenth Amendment, has firm roots in the common law. *Drope v. Missouri*, 420 U.S. 162, 171 (1975), citing 4 Blackstone, Commentaries 24. To protect this right, a State must adopt and observe adequate procedures for determining whether a person is competent to stand trial. *Pate v. Robinson*, 383 U.S. 375 (1966). It is not unconstitutional to presume competence, as Ohio law does, and to place the burden of proving incompetence on a criminal defendant. *Medina v. California*, 505 U. S. 437(1992). A determination of competence is a factual finding to which deference must be paid in habeas proceedings. *Filiaggi v. Bagley*, 445 F.3d 851 (6th Cir. 2006), *citing Thompson v. Keohane,* 516 U.S. 99, 110-11 (1995).

Even now Gonzalez-Campos has produced no evidence he was not competent to stand trial at the time he pleaded. In sum, he has shown no deficient performance in failing to have him tested and no resulting prejudice.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that Motion to Vacate be denied with prejudice. Because reasonable jurists would not disagree with

6

this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 3, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #